# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE R. NAYLOR, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-1437 |
| v. | : | (MANNION, D.J.) |
| NANCY A. BERRYHILL,[1] Commissioner of Social Security, | : | (MEHALCHICK, M.J.) |
| | : | |
| Defendant | | |
| | : | |

## MEMORANDUM

Pending before the court is the February 14, 2018 report of Judge Karoline Mehalchick, which recommends that the final decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act be affirmed and that the case be closed. (Doc. 19). Neither the Commissioner nor the plaintiff have filed any objections to Judge Mehalchick's report. The time within which objections to the report were due has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Plaintiff alleged that she was disabled as of February 14, 2012, due to intense pain, numbness, tingling and burning sensations, pain throughout her body, extreme fatigue, loss of grip and strength in her hands, low grade fever, and depression. On February 18, 2015, the ALJ denied plaintiff's claims for DIB and SSI. The ALJ found that plaintiff had a severe impairment, namely, chronic pain syndrome, but concluded that she did not have an impairment, or combination of impairments, that met or equaled a listed impairment. The ALJ also found that plaintiff retained the residual functional capacity to perform sedentary work with restrictions and then determined that there was a limited range of sedentary work positions available to plaintiff in the national economy, such as final assembler and carding machine operator.

The court has reviewed all of the reasons presented by Judge Mehalchick for recommending that the plaintiff's appeal of the Commissioner's decision denying her claims for DIB and SSI, (Doc. 1), be denied. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report, including her conclusion that

2

substantial evidence supported the Commissioner's finding that plaintiff has the residual functional capacity to perform light work with limitations, and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 1, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1437-01.wpd